IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HEP Y. GUINN, and individual, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>         vs.<br><br>APARTMENT OWNERS ASSOCIATION OF MAKAHA VALLEY TOWERS BOARD OF DIRECTORS; FRED WEICK, PRESIDENT, TED POND, VICE PRESIDENT, JOANNA MIRANDA, ON SITE GENERAL MANAGER-INDIVIDUAL RESPONSIBLE FOR IMPLEMENTING ACCESS POLICY FOR SERVICE OF PROCESS; CERTIFIED MANAGEMENT, INC., DBA ASSOCIA HAWAII; AMBER D. GARCIA, ANDERSON LAHNE & FUJISAKI LLP, ATTORNEYS FOR THE APARTMENT OWNERS ASSOCIATION OF MAKAHA VALLEY TOWERS, FIRST CIRCUIT COURT JUDGE BERT I. AYABE; HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE REGISTERED HOLDERS OF NOMURA HOME EQUITY LOAN, INC. ASSET-BACKED CERTIFICATES, SERIES 2007-2, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WUICK LOAN FUNDING; OCWEN LOAN SERVICING, LLC; ALL PERSONS, CORPORATIONS, ENTITY UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO AND DOWS 1 THROUGH 50, *INCLUSIVE*,<br><br>         Defendants. | CIV. NO. 14-00474 HG-RLP<br><br><br>**ORDER DISMISSING AMENDED VERIFIED COMPLAINT FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM (ECF No. 28, 36, 41, 42, 43, 49)** |

1

**ORDER DISMISSING AMENDED VERIFIED COMPLAINT FOR LACK OF
JURISDICTION AND FOR FAILURE TO STATE A CLAIM (ECF No. 28, 36, 41,
42, 43, 49)**

This case arises out of a state court foreclosure action
brought by Defendant Association of Apartment Owners of Makaha
Valley Towers against the owners of a condominium unit at Makaha
Valley Towers.  Plaintiff Hep Y. Guinn obtained title to the unit
from the owners by warranty deed and was added as a defendant to
the state court foreclosure action.

The Honorable Bert I. Ayabe, Judge of the First Circuit
Court, State of Hawaii presided over the foreclosure action.

Plaintiff's Amended Verified Complaint asks this Court to
exercise what amounts to appellate review over the state court
foreclosure action.

For the reasons set forth below, the Court lacks subject
matter jurisdiction over Plaintiff's claim as pled because of the
Rooker-Feldman doctrine.  See Henrichs v. Valley View Development,
474 F.3d 609, 613 (9th Cir. 2007) (citing Rooker v. Fidelity Trust
Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of
Appeals v. Feldman, 460 U.S. 462, 482-86 (1983)).  The Court also
does not have jurisdiction because Plaintiff has failed to allege
a basis for federal jurisdiction.  Even if the Complaint had
sufficient allegations to establish federal jurisdiction,
Plaintiff's Amended Verified Complaint fails to state a claim

against any of the Defendants.

## PROCEDURAL HISTORY

On October 17, 2014, Plaintiff Hep Y. Guinn[1] filed a Verified
Complaint against Defendants Association of Apartment Owners of
Makaha Valley Towers (hereinafter, "AOAO")[2], Fred Weick ("Weick"),
Ted Pond ("Pond"), Joanna Miranda ("Miranda"), Certified
Management, Inc. dba Associa Hawaii (hereinafter "Associa"),
Anderson Lahne & Fujisaki, LLC, Amber D. Garcia ("Garcia"), the
Honorable Bert I. Ayabe, Ocwen Loan Servicing, LLC ("Ocwen"),
Mortgage Electronic Registration Systems, Inc. ("MERS"), Quick
Loan Funding, and HSBC Bank USA, National Association, As Trustee
for the Registered Holders of Nomura Home Equity Loan, Inc. Asset
Backed Certificates, Series 2007-2 ("HSBC"). (ECF No. 1.)
Plaintiff's Verified Complaint is 54 pages and, according to the

---

[1] In the caption, Plaintiff purports to bring the action as
"an individual, on behalf of themselves and all other similarly
situated." Similar language is found in class action complaints.
Plaintiff does not otherwise indicate that she intends the case
to be a class action. Nor does she state grounds to bring it as
one.
    Plaintiff also names "Wuick Loan Funding" which she may have
intended to be "Quick Loan Funding" as named in her original
Verified Complaint. There also appears to be a typographical
error naming "DOWS" instead of "DOES".

[2] Plaintiff's Verified Complaint names the Apartment Owners
Association of Makaha Valley Towers Board of Directors as a
defendant. The apartment owners association states that it
should be identified as the Association of Apartment Owners of
Makaha Valley Towers. (Motion to Strike, ECF No. 41.)

caption, contains 27 counts and a jury trial demand.

On November 7, 2014, Defendants AOAO, Weick, Pond, Miranda, and Associa filed a Motion for a More Definite Statement. (ECF No. 16.)

On November 21, 2014, Defendants Anderson Lahne & Fujisaki, LLC and Garcia filed a motion to join Defendants AOAO, Weick, Pond, Miranda, and Associa's motion for a more definite statement. (ECF No. 22.)

On November 21, 2014, Defendant Ocwen filed a Motion for a More Definite Statement. (ECF No. 24.)

The Magistrate Judge set a briefing schedule for the motions for a more definite statement and joinder.

On November 26, 2014, The Honorable Bert I. Ayabe filed a Motion to Dismiss with Prejudice Verified Complaint for Damages and Injunctive Relief. (ECF No. 28.)

On November 28, 2014, the Court issued a Minute Order setting a briefing schedule for Judge Ayabe's motion to dismiss. (ECF No. 29.)

On December 8, 2014, Plaintiff sent a letter to the Magistrate Judge requesting an extension of time to oppose the motions for a more definite statement, which was granted. (ECF No. 30, 31.)

On December 9, 2014, Plaintiff filed an Amended Verified Complaint. (ECF No. 35.) Plaintiff's Amended Verified Complaint is

4

against the same Defendants, is 9 pages in length, and, according to the caption, contains 30 counts and a jury trial demand.

On December 22, 2014, Plaintiff filed responses to Defendants' motions for a more definite statement and for joinder. (ECF No. 38, 39.)

On December 23, 2014, Defendants Anderson, Lahne & Fujisaki, LLC, and Garcia filed a Motion to Dismiss Amended Verified Complaint. (ECF No. 36.)

On December 23, 2014, Defendants Anderson, Lahne & Fujisaki, LLC, and Garcia also filed a Request for Judicial Notice in support of their Motion. (ECF No. 37.)

On December 23, 2014, Defendants AOAO, Weick, Pond, Miranda, and Associa filed a Motion to Strike Amended Verified Complaint for Damages and Declaratory and Injunctive Relief, Filed December 9, 2014, or Alternatively, to Dismiss Count 2. (ECF No. 41.)

On December 23, 2014, Defendant Associa filed a separate Motion to Dismiss Amended Verified Complaint. (ECF No. 42.)

On December 29, 2014, the Honorable Bert I. Ayabe filed a Motion to Dismiss with Prejudice the Amended Verified Complaint. (ECF No. 43.)

On December 29, 2014, the Magistrate Judge denied Defendants motions for a more definite statement and the joinders thereto as moot in light of Plaintiff's Amended Verified Complaint, filed December 9, 2014. (ECF No. 44.)  The Magistrate Judge indicated

that the Defendants could respond to Plaintiff's Amended Verified Complaint through the appropriate motion or pleading.

On December 29, 2014, Plaintiff filed a Memorandum in Opposition to Defendants' motions to dismiss and/or strike. (ECF No. 46.)

On January 2, 2015, Defendants Ocwen, MERS, and HSBC filed a Motion for Substantive Joinder in the Honorable Bert I. Ayabe's Motion to Dismiss with Prejudice Amended Verified Complaint. (ECF No. 49.)

Neither MERS nor HSBC has been served with the initial (ECF No. 1) or amended (ECF No. 35) complaints. As stated in their motion for substantive joinder, they make only a special appearance in the matter. (ECF No. 49.)

Defendant "Wuick" or "Quick" Loan Funding has also not been served. It does not make a special appearance.

On January 5, 2015, Plaintiff filed an Amended Memorandum in Opposition to Defendant the Honorable Bert I. Ayabe's Motion to Dismiss with Prejudice Amended Verified Complaint for Damages and Declaratory Relief, filed on December 9, 2014. (ECF No. 50.)

On January 12, 2015, Plaintiff filed a Memorandum in Opposition to Ocwen Defendants' Substantive Joinder in Defendant the Honorable Bert I. Ayabe's Motion to Dismiss with Prejudice Amended Verified Complaint for Declaratory and Injunctive Relief, filed on December 9, 2014. (ECF No. 51.)

On January 20, 2015, Defendants Ocwen, MERS, and HSBC filed a reply in support of their substantive joinder. (ECF No. 53.)

On January 20, 2015, the Honorable Bert I. Ayabe filed a reply in support of his motion to dismiss. (ECF No. 54.)

## BACKGROUND

Plaintiff challenges state court proceedings which resulted in the foreclose of her condominium unit.

### A. State Court Proceedings and Transfer of Condominium Unit to Plaintiff

On October 23, 2012, the Association of Apartment Owners of Makaha Valley Towers ("AOAO") filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii against Defendants James Joseph Eiring, Madeleine Mercer Eiring, and HSBC Bank USA, National Association. (Request for Judicial Notice at Exh. 1, ECF No. 37-2, Association of Apartment Owners of Makaha Valley Towers v. Eiring et al., Civ. No. 12-1-2621-10 BIA.)[3] The AOAO sought foreclosure on the grounds that the Eirings were delinquent in paying their common expenses and other sums due the AOAO. (Id.)

_____

[3] The Court grants Defendants Anderson, Lahne & Fujisaki, LLC and Garcia's Request for Judicial Notice (ECF No. 37) and takes judicial notice of the state court filings, attached to the request for judicial notice, as matters of public record. See Fed. R. Evid. 201(b)(1)-(2); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Defendant HSBC Bank, USA also filed a foreclosure complaint in state court against the Eirings. (Request for Judicial Notice at Exh. 1, ECF No. 37-2.)

The Eirings owned the condominium unit prior to Plaintiff. On March 5, 2013, the Eirings executed a Warranty Deed conveying the condominium unit to Plaintiff Guinn. (Request for Judicial Notice at Exh. 2, ECF No. 37-3.) The Warranty Deed was recorded on May 2, 2013. (Id.)

On May 13, 2013, the Honorable Bert I. Ayabe of the Circuit Court of the First Circuit of the State of Hawaii, entered summary judgment and a decree of forfeiture in favor of the AOAO against James Joseph Eiring and Madeline Mercer Eiring. (Request for Judicial Notice at Exh. 2, ECF No. 37-3, Affidavit of Counsel.)

On August 29, 2013, after the foreclosure judgment, the state court entered an order granting the AOAO's motion to identify Plaintiff Guinn as Jane Doe 1 to Plaintiff's Complaint. (Request for Judicial Notice at Exh. 2, ECF No. 37-3.) Pursuant to the order, Plaintiff Guinn was to be served with a copy of the order along with the complaint and summons filed in the foreclosure action against the Eirings. (Id.)

Based upon the exhibits attached to Plaintiff's Amended Verified Complaint, during February 2014, Plaintiff attempted to negotiate a payment plan with the AOAO, through its law firm,

8

Defendant Anderson Lahne & Fujisaki LLP and its attorney Amber D. Garcia, in an effort to pay off the amount owed the AOAO by the Eirings as prior owners. (ECF No. 35.) The negotiations were unsuccessful.

On July 9, 2014, the state court issued a writ of possession for the condominium unit in favor of the AOAO, commanding removal of Plaintiff Guinn and the Eirings. (Request for Judicial Notice at Exh. 4, ECF No. 37-5.)

**B.    Plaintiff's Verified Complaint**

On October 17, 2014, Plaintiff Guinn filed a Verified Complaint against the AOAO, Fred Weick and Ted Pond (AOAO board members), Joanna Miranda (general manager), Associa (the management company), Anderson Lahne & Fujisaki, LLC and Amber D. Garcia (the AOAO's attorneys), the Honorable Bert I. Ayabe (the state court judge), and Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., Quick Loan Funding, and HSBC Bank USA, National Association. (ECF No. 1.) Plaintiff's Verified Complaint is 54 pages and, according to the caption, contains 27 counts and a jury trial demand. The Verified Complaint contains allegations pertaining to allegedly fraudulent conduct by the mortgage industry in general as well as allegations about transactions that do not appear to have any relationship to the foreclosure of Plaintiff's condominium unit or to the Defendants in this case.

As to the foreclosure proceedings, Plaintiff alleges that she never received notice. Plaintiff alleges that on July 24, 2014 she received a frantic call from her tenant because she was being told to vacate the premises. Plaintiff alleges that she was "in shock unbeknown to Plaintiff this to be the fact". (Verified Compl., ¶ 30, p. 32, ECF No. 1.) She alleges that she "never received notice nor served with proper notification of any hearing dates." (Id.) Plaintiff's Verified Complaint goes on to describe various accusations against Defendants, all pertaining to the state court foreclosure action. (Id.)

## C.   Plaintiff's Amended Verified Complaint

On December 9, 2014, Plaintiff filed an Amended Verified Complaint without obtaining leave of court. Under Fed. R. Civ. P. 15(a), Plaintiff had until December 2, 2014 to file an amended complaint without seeking leave of court. Because Plaintiff did not file her amended complaint until December 9, 2014, she was required to first seek leave of court.

Leave of court to file a first amended complaint is liberally granted. See Petersen v. Boeing Co., 715 F.3d 276, 282 (9th Cir. 2013) ("leave to amend should be granted with extreme liberality") (citation and quotations omitted). Given this lenient standard, the current posture of the case in which the Magistrate Judge denied as moot Defendants' motions for a more definite statement in light of Plaintiff's filing of her Amended Verified Complaint,

and the fact that Plaintiff's amended complaint was only seven days late, the Court declines to strike Plaintiff's Amended Verified Complaint for failure to comply with Fed. R. Evid. 15(a). Accordingly, the Court considers Plaintiff's Amended Verified Complaint as the operative complaint. All Defendants who have appeared have moved to dismiss the Amended Verified Complaint on various grounds.

The Amended Verified Complaint names the same Defendants in the caption as the original complaint.[4] It lists 30 counts in the caption along with a demand for jury trial. The body of the complaint, now 9 as opposed to 54 pages, contains no counts and far fewer factual allegations. The Verified Amended Complaint focuses on the allegedly unlawful conduct of Defendants Fred Weick, Ted Pond, and Joanna Miranda. Plaintiff also makes allegations against Amber D. Garcia, the attorney with the law firm of Anderson Lahne & Fujisaki LLP, who represented the AOAO in the state court foreclosure action, and against the Honorable Bert I. Ayabe, the state court judge who presided over the foreclosure action.

### 1.    Allegations Against Fred Weick, Ted Pond, and Joanna Miranda

Plaintiff alleges that Defendant Fred Weick ("Weick") was the

---

[4] The Court notes the only differences between the caption of the Verified Complaint and the Amended Verified Complaint in footnote 1.

former director of the AOAO and that Defendant Ted Pond ("Pond") was the former president of the AOAO and that both refused to speak or otherwise communicate with her. (Amended Verified Compl. at p. 6-7, ECF No. 35.) Plaintiff accuses Defendants Weick and Pond of injuring his investment "by using the reserve fund as his own personal treasure box to pilfer ginned up legal fees to use as a fulcrum of favor against his selected targets, and to augment the reserve fund by incurring unjust and unwarranted expenses against the investors in this project." (Amended Verified Compl. at p. 6-7, ECF No. 35.) According to Plaintiff, "[s]uch conduct is most egregious gross negligence and willful misconduct." (Id.)

Plaintiff alleges that Defendant Joanna Miranda ("Miranda") is the general manager of the Makaha Valley Towers Project. (Amended Verified Compl. at p. 7, ECF No. 35.) Plaintiff accuses Miranda of abusing Plaintiff's tenant and acting outside of her job description. Plaintiff alleges that Miranda relies on attorney Garcia "as her own personal full-time attorney for matters unrelated to the operation of the project and thereby abuses the privilege of legal protection through the Association." (Amended Verified Compl. at p. 7, ECF No. 35.)

### 2. Allegations Against Attorney Amber D. Garcia

As to Defendant Amber D. Garcia ("Garcia"), Plaintiff takes issue with Garcia instructing her clients, the AOAO and general manager, not to speak with Plaintiff as to "all matters regarding

[her] investment in this project." (Amended Verified Compl. at p.
7, ECF No. 35.) Plaintiff also alleges that Garcia participated
in some type of unspecified "scheme". (Id. at p. 3.)

**3.    Allegations Against the Honorable Bert I. Ayabe**

Plaintiff alleges that Judge Ayabe abused his discretion by
allowing default judgment to be entered against Plaintiff when she
had not been served with notice of the hearings. (Amended
Verified Compl. at p. 8, ECF No. 35.) Plaintiff also complains
that Judge Ayabe did not fully and properly consider the
foreclosure matter. (Id. at p. 3.)

**4.    Allegations Against Other Defendants**

The Amended Verified Complaint does not contain any
specific allegations pertaining to the other Defendants named in
the caption.

<u>**STANDARD OF REVIEW**</u>

<u>**Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1)**</u>

A case is properly dismissed for lack of subject matter
jurisdiction under Fed.R.Civ.P. 12(b)(1) when the court lacks the
constitutional or statutory power to adjudicate the case. A
challenge to the Court's subject matter jurisdiction may be
"facial or factual." <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d
1035, 1039 (9th Cir. 2004). In a facial attack, the "challenger
asserts that the allegations contained in a complaint are

insufficient on their face to invoke federal jurisdiction." <u>Id.</u> In a factual attack, the "challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." <u>Id.</u>

## Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows dismissal where a complaint fails "to state a claim upon which relief can be granted." <u>Salmon Spawning & Recovery Alliance v. Gutierrez</u>, 545 F.3d 1220, 1225 (9th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 555 (2007)). A pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." The factual allegations in a pleading "must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

A complaint survives a motion to dismiss when it contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). A claim is facially plausible

14

when the factual content of the complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard does not require probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). A complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The Court need not accept as true, however, allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010)(documents attached to the complaint and matters of public record may be considered on a motion to dismiss).

## ANALYSIS

**A.    Lack of Federal Jurisdiction**

    **1.    The Rooker-Feldman Doctrine**

Pursuant to the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction to exercise appellate review over final state court judgments. Henrichs v. Valley View Development, 474 F.3d 609, 613 (9th Cir. 2007) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983)). The Rooker-Feldman doctrine precludes a district court from reviewing state court judgments because the federal authority to review a state court judgment lies exclusively with the United States Supreme Court. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 292 (2005).

A complaint challenging a state court's factual or legal conclusion constitutes a forbidden de facto appeal under Rooker-Feldman. See Manufactured Home Communities, Inc. v. City of San Jose, 420 F.3d 1022, 1030 (9th Cir. 2005). The district court is not required to determine whether or not the state court fully and fairly adjudicated the constitutional claim. Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003). "Rooker-Feldman bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity

to litigate her claims.'" Id. at 901 (quoting Kenmen Eng'g v. City of Union, 314 F.3d 468, 478 (10th Cir. 2002)).

There are exceptions to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine does not apply to a general constitutional challenge, meaning one that does not require review of a state court decision. See Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986). That said, if the federal constitutional claim is "inextricably intertwined" with a state court's judgment, the Rooker-Feldman doctrine does apply to bar the party's claim. See Doe & Associates Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001) ("If the federal constitutional claims presented to the district court are "inextricably intertwined" with the state court's judgment, then Doe is essentially asking the district court to review the state court's decision, which the district court may not do.").

Another exception to the Rooker-Feldman doctrine is where a plaintiff alleges a cause of action for extrinsic fraud on a state court. See Kougasian v. TMSL, Inc. , 359 F.3d 1136, 1140-41 (9th Cir. 2004). "Extrinsic fraud is conduct which prevents a party from presenting his claim in court." Id. at 1140 (quoting Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981)). "Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud." Id. at 1141. The exception does not apply

to allegations of intrinsic fraud.  <u>Dixon v. State Bar of</u>
<u>California,</u>  32 Fed.Appx. 355, 356-357, 2002 WL 461719, at *1 (9th
Cir. 2002).  Intrinsic fraud is fraud that goes to the heart of
the issues that were before the state court.  <u>See</u> <u>Green v.</u>
<u>Ancora-Citronelle</u>, 577 F.2d 1380, 1384 (9th Cir. 1978) (extrinsic
fraud "prevents a party from having an opportunity to present his
claim or defense in court"; it is not fraud that "goes to the very
heart of the issues contested in the state court action").

### 2.  **The <u>Rooker-Feldman</u> Doctrine Applies**

The <u>Rooker-Feldman</u> doctrine applies.  All of the allegations
in Plaintiff's Amended Verified Complaint seek the Court's review
of the state court foreclosure action.  Plaintiff's theory is that
the Association of Apartment Owners of Makaha Valley Towers
("AOAO") wrongfully foreclosed on her condominium unit, that the
individual board members of the AOAO engaged in conduct that
injured her property investment, and that the Honorable Bert I.
Ayabe, as the state court judge, improperly entered an order and
judgment foreclosing on her condominium unit.  As one of her
requested remedies, Plaintiff asks that the foreclosure be vacated
and that she be granted title to the property.  (Amended Verified
Compl. at p. 9, ECF No. 35.)  Exercising jurisdiction would
involve review of the state court's order and judgment.

Plaintiff has not made allegations that fall within an
exception to the <u>Rooker-Feldman</u> doctrine.  Plaintiff does not make

any constitutional challenge, much less one that is independent from the state court's judgment.[5]  Nor has Plaintiff made allegations of conduct that would fall within the extrinsic fraud exception to the Rooker-Feldman doctrine.  Plaintiff makes the general allegation that she did not receive notice of the state court foreclosure action.  Such an allegation does not state a claim for fraud.  Rather, adequacy of service is the type of issue that could have been raised before the state court.  A claim that the state court judgment should be vacated for lack of proper service is precisely the type of claim that the Court cannot entertain under the Rooker-Feldman doctrine.  Plaintiff fails to specify how any of the Defendants engaged in fraudulent conduct that would have prevented her from participating in the foreclosure proceeding.

The Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.

### 3.    Plaintiff's Amended Verified Complaint Does Not Allege A Basis for Federal Jurisdiction

The Court also lacks jurisdiction because Plaintiff's Amended Verified Complaint does not allege sufficient facts to establish jurisdiction in federal district court.  See Fed. R. Civ. P.

---

[5] Even if Plaintiff's Amended Verified Complaint could be construed as asserting a due process claim for failure to provide adequate service, such a claim is inextricably intertwined with the state court foreclosure action and the Court is barred from considering it under the Rooker-Feldman doctrine.

19

8(a)(1).  No basis for the Court's jurisdiction is set forth in the Amended Complaint.  Plaintiff does not allege sufficient facts to establish diversity jurisdiction.  Plaintiff does not allege her residency or the residency of any of the Defendants.  If Plaintiff is a resident of Hawaii and a Defendant is also a resident of Hawaii there would be no diversity jurisdiction.  <u>See</u> 42 U.S.C. § 1332.

The face of Plaintiff's Amended Verified Complaint does not establish that the Court would have federal question jurisdiction. The Amended Verified Complaint does not state a cause of action for violation of a federal law or of the United States Constitution. <u>See</u> 42 U.S.C. § 1331.  The Court cannot entertain an action unless it has jurisdiction.  <u>See</u> <u>FW/PBS, Inc. v. City of Dallas</u>, 493 U.S. 215, 231 (1990) (federal courts are always "under an independent obligation to examine their own jurisdiction"); <u>Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 701 (1982) (federal court may not entertain an action over which it has no jurisdiction).

**B.  Plaintiff's Amended Verified Complaint Fails to State a Claim**

Plaintiff's Amended Verified Complaint is dismissed for the additional reason that it fails to state a claim against any of the Defendants.  Plaintiff's Amended Verified Complaint does not contain sufficient factual allegations to state a plausible claim

for relief against any of the Defendants.

Plaintiff has also failed to comply with Fed. R. Civ. P. 10(b). Fed. R. Civ. P. 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff's Amended Verified Complaint does not contain separately numbered paragraphs.

The Court addresses the Amended Verified Complaint against each of the Defendants, in turn.

1. **Allegations Against the Association of Apartment Owners of Makaha Valley Towers, Fred Weick, Ted Pond, and Joanna Miranda**

Plaintiff's Amended Verified Complaint does not make any allegations directly against the Association of Apartment Owners of Makaha Valley Towers ("AOAO"). As to Fred Weick, Ted Pond, and Joanna Miranda, Plaintiff attempts to allege claims for gross negligence and fraud. Under Fed. R. Civ. P. 9(b), fraud claims must be alleged with particularity. A party must allege with particularity the circumstances constituting fraud or mistake. See Fed. R. Civ. P. 9(b). To allege circumstances with particularity, the party must include in her complaint statements concerning the time, place, and nature of the alleged fraud, and must set forth what is false or misleading about the defendant's statements or actions. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (In order to successfully plead claims

21

grounded in fraud, a complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation").[6]

Plaintiff has not done so. Plaintiff makes broad allegations about the board members' and general manager's alleged mismanagement of the AOAO's affairs. She has not alleged fraud with particularity. Moreover, the nature of Plaintiff's allegations appear to be grounded in intrinsic fraud, that is, fraud that led up to the foreclosure of Plaintiff's condominium unit. Any claim based on intrinsic fraud with regard to the state court foreclosure proceedings is barred by the Rooker-Feldman doctrine.

The Amended Verified Complaint is DISMISSED WITH PREJUDICE as to the AOAO, Fred Weick, Ted Pond, and Joanna Miranda.

**2. Allegations Against Certified Management, Inc. dba Associa Hawaii**

Although Associa is mentioned in the caption of Plaintiff's Amended Verified Complaint, Plaintiff has failed to set out any facts or allegations against it. There is no plausible basis for

---

[6] The AOAO, Weick, Pond, Miranda, and Associa's Motion to Strike Amended Verified Complaint, filed December 9, 2014, or Alternatively, to Dismiss Count 2, erroneously refers to Plaintiff's second cause of action for fraud which was included in Plaintiff's original Verified Complaint. (ECF No. 41 at p. 6.) Plaintiff's Amended Verified Complaint attempts to allege fraud, but does not include separate causes of action. The argument made regarding lack of particularity, however, applies with equal force to the allegations made in Plaintiff's Amended Verified Complaint.

recovery against Certified Management, Inc. dba Associa Hawaii
("Associa") set forth in the Amended Verified Complaint.

The Amended Verified Complaint is DISMISSED WITH PREJUDICE as
to Certified Management, Inc. dba Associa Hawaii.


### 3. Allegations Against Anderson Lahne & Fujisaki, LLC and Amber D. Garcia

Defendants Anderson Lahne & Fujisaki, LLC and Amber D. Garcia
(collectively, "Attorney Defendants") are the law firm and
attorney that represented the AOAO in the state court foreclosure
proceedings.  Plaintiff's Amended Verified Complaint alleges that
Amber D. Garcia ("Garcia") engaged in "a deliberate act of willful
misconduct" by instructing the AOAO board and general manager not
to deal with, or speak to, Plaintiff regarding her investment in
the project.  (Amended Verified Compl. at p. 7, ECF No. 35.)
Plaintiff alleges that attorney Garcia's instructions to her
client somehow violated the bylaws. (Id.)  Plaintiff also makes
the vague allegation that attorney Garcia, along with Weick, Pond,
and Miranda participated in an unspecified "scheme" against
Plaintiff and the court.  (Id. at p. 3.)

Garcia and the law firm of Anderson Lahne & Fujisaki, LLC did
not owe Plaintiff, an adversary to their client, a general duty of
care.  See Buscher v. Boning, 159 P.3d 814, 832 (Haw. 2007)
("courts which have addressed the issue have uniformly found that
an attorney does not have a duty to a third party, including an

23

opposing party, the breach of which would subject the attorney to liability")(quoting <u>Clark v. Druckman</u>, 624 S.E.2d 864, 869 (2005)). That said, an attorney can be sued by an adverse party for fraud. <u>See</u> <u>Buscher</u>, 159 P.3d at 832, n. 13. Plaintiff has not made any allegations as to the Attorney Defendants that would state a cause of action for fraud. Taking as true Plaintiff's allegation that Garcia told her clients not to talk to Plaintiff about the foreclosure action, such an instruction is reasonable and expected. Attorney Defendants had a duty to protect their clients' interests. Plaintiff has failed to allege fraud, much less fraud with particularity or fraud that would avoid application of the <u>Rooker-Feldman</u> doctrine.

The Amended Verified Complaint is DISMISSED WITH PREJUDICE as to Anderson Lahne & Fujisaki, LLC and Amber D. Garcia, Esq.

**4. Allegations as to Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc. and HSBC Bank USA, National Association**

Plaintiff's Amended Verified Complaint does not contain any allegations as to Ocwen Loan Servicing, LLC ("Ocwen"), Mortgage Electronic Registration Systems, Inc. ("MERS") or HSBC Bank USA, National Association ("HSBC").[7] Plaintiff has failed to state a

---

[7] Neither MERS nor HSBC has been served with the initial (ECF No. 1) or amended (ECF No. 35) complaints. As stated in their motion for substantive joinder, they make only a special appearance in the matter. (ECF No. 49.)

claim against any of these Defendants.  In her Opposition, Plaintiff attempts to make allegations against Ocwen as a loan servicer and contends that unspecified "Servicers" violated  state and federal law by engaging in unfair and deceptive practices. (ECF No. 51.)  To the extent Plaintiff is attempting to assert additional claims in her Opposition, this is not permitted by the Federal Rules of Civil Procedure.  Moreover, the who, what, where, when, and how of this allegedly deceptive conduct is missing.  It is unclear how Defendants Ocwen, MERS, or HSBC engaged in any type of conduct that could have possibly harmed Plaintiff.

The Amended Verified Complaint is DISMISSED WITH PREJUDICE as to Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc. and HSBC Bank USA, National Association.

**5.    Allegations as to "Wuick" or "Quick" Loan Funding**

Plaintiff's Amended Verified Complaint does not contain any allegations as to "Wuick" or "Quick" Loan Funding.  "Wuick" or "Quick" Loan Funding has not been served and does not appear.

The Amended Verified Complaint is DISMISSED WITH PREJUDICE as to "Wuick" or "Quick" Loan Funding.

**6.    Allegations Against the Honorable Bert I. Ayabe**

 Plaintiff alleges that Judge Ayabe allowed the state court foreclosure action to commence and proceed without Plaintiff having been properly served.  (Amended Verified Compl. at p. 3, 7-8, ECF No. 35.)  Plaintiff further alleges that Judge Ayabe failed

to deduce facts that constituted "fraud upon the court". (Amended
Verified Compl. at p. 3, ECF No. 35.) In doing so, she challenges
evidence that was before the state court in the foreclosure
action. (Id.) Finally, Plaintiff makes a vague allegation of
bias, alleging that Judge Ayabe owns a large portion of stock in
an unspecified bank. (Amended Verified Compl. at p. 7, ECF No.
35.)

All of Plaintiff's allegations against Judge Ayabe pertain to
the state court foreclosure proceeding and are barred by the
Rooker-Feldman doctrine. Even if the Court had subject matter
jurisdiction, which it does not, Plaintiff's claims against the
Honorable Bert I. Ayabe are dismissed because Plaintiff has failed
to state a claim against him in his individual capacity and
Plaintiff's claims against Judge Ayabe in his official capacity
are barred by the doctrine of absolute judicial immunity.

Plaintiff has not asserted claims against Judge Ayabe in his
individual capacity. Plaintiff's claims against Judge Ayabe are
predicated on actions he took in his official capacity as a
circuit court judge presiding over foreclosure actions.

Plaintiff's allegations that Judge Ayabe stepped outside his
judicial role and abused his discretion are barred by the doctrine
of absolute judicial immunity. Judges are absolutely immune from
civil liability for action taken in their official capacities.
See Nixon v. Fitzgerald, 457 U.S. 731 (1982). Judicial immunity

applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Ashelman v. Pope, 793 F .2d 1072, 1075 (9th Cir. 1986)(en banc). The only exceptions are if the judge acts in the clear absence of jurisdiction or performs an act that is not judicial in nature. See Stump v. Sparkman, 435 U.S. 349, 357 (1978); Ashelman, 793 F.2d at 1075. Absolute judicial immunity applies to immunity from suit, not just immunity from damages. See Mireles v. Waco, 502 U.S. 9, 11 (1991); Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996), superceded by statute on other grounds in Tia v. Mollway, 2011 WL 2945813 at *4 (D. Haw. July 20, 2011).

Judge Ayabe is entitled to absolute judicial immunity because he had jurisdiction and performed an act judicial in nature. Circuit Courts in Hawaii have jurisdiction over foreclosure actions and proceedings. See Haw. Rev. Stat. § 603-21.7(a)(3). Circuit Court judges are authorized to assess the amount due and render judgment for the amount awarded. See Haw. Rev. Stat. § 667-1.5. Judge Ayabe acted within his jurisdictional authority. Judge Ayabe's act of entering a foreclosure order and judgment is judicial in nature because it is an act normally performed by a judge. See Ashelman, 793 F.2d at 1075.

The Amended Verified Complaint is DISMISSED WITH PREJUDICE as to the Honorable Bert I. Ayabe.

## CONCLUSION

The Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.  The Court also does not have jurisdiction because Plaintiff has failed to allege sufficient facts to establish jurisdiction based on diversity or federal question. Even if the Court had jurisdiction, Plaintiff's Amended Verified Complaint fails to state a claim against any of the Defendants.

**The Association of Apartment Owners of Makaha Valley Towers, Fred Weick, Ted Pond, Joanna Miranda, and Certified Management, Inc. dba Associa Hawaii**

> **ECF No. 41:** ASSOCIATION OF APARTMENT OWNERS OF MAKAHA VALLEY TOWERS, ERRONEOUSLY SUED AS APARTMENT OWNERS ASSOCIATION OF MAKAHA VALLEY TOWERS BOARD OF DIRECTORS, FRED WEICK, TED POND, JOANNA MIRANDA, AND CERTIFIED MANAGEMENT INC., DBA ASSOCIA HAWAII'S MOTION TO STRIKE AMENDED VERIFIED COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF, FILED DECEMBER 9, 2014, OR ALTERNATIVELY, TO DISMISS COUNT 2 is **DENIED as to the Motion to Strike the Amended Verified Complaint and GRANTED as to the dismissal of Plaintiff's fraud based claim and as to all other claims against the AOAO, Weick, Pond, Miranda and Associa.**

> **ECF No. 42:** CERTIFIED MANAGEMENT INC., DBA ASSOCIA HAWAII'S MOTION TO DISMISS AMENDED VERIFIED COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF, FILED DECEMBER 9, 2014 is **GRANTED.**

The Amended Verified Complaint is **DISMISSED WITH PREJUDICE** in its entirety as to the Association of Apartment Owners of Makaha Valley Towers, Fred Weick, Ted Pond, Joanna Miranda, and Certified Management, Inc. dba Associa Hawaii.

**Anderson Lahne & Fujisaki, LLC and Amber D. Garcia**

    **ECF No. 36:** ANDERSON LAHNE & FUJISAKI, LLC AND AMBER D. GARCIA'S MOTION TO DISMISS AMENDED VERIFIED COMPLAINT is **GRANTED.**

    The Amended Verified Complaint is **DISMISSED WITH PREJUDICE** in its entirety as to Anderson Lahne & Fujisaki, LLC and Amber D. Garcia.

**Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc. and HSBC Bank USA, National Association**

    **ECF No. 49:** OCWEN DEFENDANTS' SUBSTANTIVE JOINDER IN [Dkt. #43] DEFENDANT THE HONORABLE BERT I. AYABE'S MOTION TO DISMISS WITH PREJUDICE AMENDED VERIFIED COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF, FILED ON DECEMBER 9, 2014 is **GRANTED.**

    The Amended Verified Complaint is **DISMISSED WITH PREJUDICE** in its entirety as to Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., and HSBC Bank USA, National Association, As Trustee for the Registered Holders of Nomura Home Equity Loan, Inc. Asset Backed Certificates, Series 2007-2.

**"Wuick" or "Quick" Loan Funding**

    The Amended Verified Complaint is **DISMISSED WITH PREJUDICE** in its entirety as to "Wuick" or "Quick" Loan Funding.

**The Honorable Bert I. Ayabe**

    **ECF No. 43:** DEFENDANT THE HONORABLE BERT I. AYABE'S MOTION TO DISMISS WITH PREJUDICE AMENDED VERIFIED COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF, JOINED BY OCWEN LOAN SERVICING, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

INC., AND HSBC BANK USA, NATIONAL ASSOCIATION is **GRANTED**.

**ECF No. 28:** DEFENDANT THE HONORABLE BERT I. AYABE'S MOTION TO DISMISS WITH PREJUDICE THE ORIGINAL VERIFIED COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF is **DENIED AS MOOT**.

The Amended Verified Complaint is **DISMISSED WITH PREJUDICE** in its entirety as to the Honorable Bert I. Ayabe.

**Plaintiff is Denied Leave to Amend**

Plaintiff is **DENIED** leave to file a second amended complaint. Five factors are frequently used to assess the propriety of whether leave to amend should be granted: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989)). Futility alone may be grounds for denying leave to amend. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998). Here, Plaintiff has already amended her complaint once and granting leave to amend would be futile. Plaintiff asks the Court to exercise what amounts to appellate review over the state court foreclosure action and the Court lacks jurisdiction to do so under the Rooker-Feldman doctrine. Granting leave to amend would be futile because the Court does not have jurisdiction to award Plaintiff the relief she seeks from the state court foreclosure action. If Plaintiff has

claims that are not barred by the <u>Rooker-Feldman</u> doctrine, she may

file a new case to bring such claims.

    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated February 27, 2015, Honolulu, Hawaii.



                                    ___/s/ Helen Gillmor_____
                                    Helen Gillmor
                                    United States District Judge


<u>HEP Y. GUNN v. APARTMENT OWNERS ASSOCIATION OF MAKAHA VALLEY TOWERS</u>
<u>BOARD OF DIRECTORS, ET AL.</u>; Civ. No. 14-00474 HG-RLP; **ORDER**
**DISMISSING AMENDED VERIFIED COMPLAINT FOR LACK OF JURISDICTION AND**
**FOR FAILURE TO STATE A CLAIM (ECF No. 28, 36, 41, 42, 43, 49)**